ALMB 3 (Rev 12/17)

# United States Bankruptcy Court
# Middle District of Alabama

IN RE:
**Evelyn James McCall**
     Debtor(s).         CASE NO.

## CHAPTER 13 PLAN
Date **January 19, 2023**
☐ Check If Amended Plan

**1.**   **NOTICES**

 **1.1 Creditor Notices**

 **CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should carefully read this and other documents sent to you, and discuss them with your attorney.

 **TO FILE AN OBJECTION TO CONFIRMATION.** An objection to confirmation must be filed not later than seven days prior to the date fixed for the confirmation hearing. The document must state with particularity the grounds for the objection.

 **PROOFS OF CLAIM.** Creditors must file a timely proof of claim to be paid under this plan. Confirmation of this plan does not bar the debtor, trustee, or a party in interest from objecting to a claim. Confirmation of this plan does not constitute the allowance or disallowance of the amount of the creditor's claim, but it does control how the claim will be paid under the plan.

| | | | |
|---|---|---|---|
| 1.1.1 | A limit on the amount of a secured claim which may result in a partial payment or no payment at all to the secured creditor, set out in paragraph 5.1. If the Included box is checked, the plan must be served on the affected creditor. Rule 3012, F.R. Bankr. P. | ☑ Included | ☐ Not Included |
| 1.1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in paragraph 6. If the Included box is checked, the plan must be served on the affected creditor. Rule 4003, F.R. Bankr. P. | ☐ Included | ☑ Not Included |
| 1.1.3 | Nonstandard provisions, set out in paragraph 17. | ☐ Included | ☑ Not Included |

**2.**   **PAYMENT AND LENGTH OF PLAN**

Debtor shall pay **$549.00** per **Month** to the chapter 13 trustee beginning **February 18, 2023**

The length of the plan is **58** months. Other payment provisions:

**3.**   **FILING FEES**

 The filing fee as prescribed by Local Rule 1006-1 shall be paid as follows:

  ☐ Filing fee paid in full directly to the clerk of court with the petition.
  ☐ Filing fee is being paid in installments directly to the clerk of court.

  ☑ Filing fee is being paid in installments through this plan as follows:

| | |
|---|---:|
| Total filing fee: | $313.00 |
| Initial installment paid with filing of petition: | 0.00 |
| Remaining balance to be paid through the chapter 13 plan: | $313.00 |

**4.**   **ATTORNEY'S FEES FOR DEBTOR'S BANKRUPTCY COUNSEL**

The following attorney's fees shall be paid through the debtor's plan payments:

| | |
|---|---:|
| Total attorney fee: | $4,500.00 |
| Amount paid by the debtor directly to attorney prior to filing: | $300.00 |
| Net attorney fee being paid through the chapter 13 plan disbursements: | $4,200.00 |

**5.**   **SECURED CLAIMS**

 **5.1 SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE PLAN LIMITS VALUE OF COLLATERAL**

  ☐ None.

ALMB 3 (Rev 12/17)

      The remainder of this paragraph will be effective only if the applicable box in paragraph 1.1.1 is checked.

[✓] Pursuant to 11 U.S.C. §1322(b)(2), claims being paid under this section of the plan will be modified. For secured claims of creditors, unless ordered otherwise by the court, the plan provisions below control the value of the secured claim listed below. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in the proof of claim filed in accordance with the bankruptcy rules controls over any contrary amounts listed below. The debtor proposes that the trustee make adequate protection payments prior to the confirmation of this plan pursuant to 11 U.S.C. §1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to 11 U.S.C. §1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the trustee. The trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the trustee's distribution process only after the timely filing of a proof of claim by such creditor. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|
| Republic Finance | 3 t.v.s and other misc. household goods | $2,000.00 | $1,500.00 | 0.00% | Yes | $15.00 | $40.00 |
| W.S. Badcock Corp. | Nightstand, chest, bench, bed, dresser, mirror, lamp | $881.68 | $800.00 | 6.00% | Yes | $8.00 | $20.00 |

    **5.2 SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE VALUE IS NOT MODIFIED**
The claims listed below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or (2) incurred within 365 days of the petition date and secured by a purchase money security interest in any other thing of value. The debtor proposes that the trustee make adequate protection payments prior to the confirmation of this plan pursuant to 11 U.S.C. § 1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to 11 U.S.C. § 1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the trustee. The trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the trustee's distribution process and only after the timely filing of proofs of claim by such creditors. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, creditors' claims shall be paid the specified monthly plan payments on the terms and conditions listed below as required under 11 U.S.C. § 1325(a)(5). Claims being paid under this section of the plan will not be affected by 11 U.S.C. § 506 and will be paid pursuant to 11 U.S.C. § 1325(a)(5).

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|
| Santander | 2016 Honda Accord 90000 miles | $11,717.55 | $16,650.00 | 6.00% | Yes | $160.00 | $245.00 |

6.   **LIEN AVOIDANCE**

    [✓] None.

    The remainder of this paragraph will be effective only if the applicable box in paragraph 1.1.2 is checked.

ALMB 3 (Rev 12/17)

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, upon entry of the order confirming the plan a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Rule 4003(d), Federal Rules of Bankruptcy Procedure. If more than one lien is to be avoided, provide the information separately for each lien. Transfer any remaining amount after avoidance to paragraph 5.1 for treatment as a secured claim.

| Information regarding judicial lien or security interest | Calculation of lien avoidance | Treatment of remaining secured claim |
|---|---|---|

7. **SURRENDERED PROPERTY**
   The debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any secured claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim reflecting any deficiency balance remaining following surrender, if applicable, is filed by such creditor.

| **Creditor** | **Collateral Description** | **Amount of Debt** | **Value of Collateral** |
|---|---|---|---|

8. **CURING DEFAULTS**
   Pursuant to 11 U.S.C. § 1322(b)(5), the debtor shall cure defaults with respect to the creditors indicated below. The trustee shall pay through this plan the allowed claims for arrearages at 100%. Unless otherwise ordered by the court, the amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The amount of arrearage listed herein is an estimate, and in no way shall this estimate limit what the trustee shall distribute to said creditor under this plan to cure the default.

| **Creditor** | **Collateral Description** | **Amount of Arrearage** | **Interest Rate** | **Monthly Payment** |
|---|---|---|---|---|

9. **DIRECT PAYMENTS**
   The following secured creditors or holders of long-term debt will be paid directly by the debtor to the creditor. The debtor shall make all 11 U.S.C. § 1326 pre-confirmation adequate protection payments directly to the following creditors pursuant to the terms of the contract with the creditor. The debtor shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of the debtor's plan.

| **Creditor** | **Collateral Description** | **Amount of Debt** | **Value of Collateral** | **Date Payment to Resume** | **Direct Payment Amount** |
|---|---|---|---|---|---|
| -NONE- | | | | | |

10. **LONG-TERM DEBTS MAINTAINED THROUGH PLAN**
    The debtor proposes that the trustee maintain the following long-term debts through the plan. Prior to confirmation of this plan, the trustee shall make adequate protection payments to all of the following long term creditors indicated below. The trustee shall commence making such payments to creditors holding allowed secured claims consistent with the trustee's distribution process and only after the timely filing of proofs of claim by such creditors. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all payments. Upon confirmation of this plan, said long term creditors will receive payments as set out below along with the payment of the debtor's attorney's fees. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Rule 3002(c), Federal Rules of Bankruptcy Procedure, or any notice of payment change filed under Rule 3002.1(b), Federal Rules of Bankruptcy Procedure, control over any contrary amounts listed below as to the current installment payment. In the absence of a contrary claim timely filed, the amounts stated below are controlling.

| **Creditor** | **Collateral Description** | **Amount of Debt** | **Collateral Value** | **Monthly Payment** |
|---|---|---|---|---|
| -NONE- | | | | |

11. **DOMESTIC SUPPORT OBLIGATIONS**

    ☑ None.

12. **PRIORITY CLAIMS (Excluding Domestic Support Obligations)**

The debtor will pay all priority claims including the following pursuant to 11 U.S.C. § 507 unless a claimant expressly agrees otherwise. See 11 U.S.C. § 1322(b)(10).

| Claimant | Type of Priority | Interest Rate (if applicable) | Scheduled Amount | Monthly Payment |
|---|---|---|---|---|
| Alabama Department of Revenue | Taxes | 0.00% | $1,146.00 | $35.81 |
| Internal Revenue Service | Taxes | 0.00% | $5,346.00 | $167.06 |

13. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
    Executory contracts and unexpired leases receive the following designated treatment. For all executory contracts and unexpired leases being assumed by the debtor pursuant to this plan, the debtor shall make all pre-confirmation 11 U.S.C. § 1326 adequate protection payments directly to the lessors pursuant to the terms of the contracts. For all contracts assumed, following the confirmation of the debtor's plan the debtor shall continue to make all payments directly to the creditors pursuant to the terms of the contracts. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to rejected contracts or leases. Any claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim reflecting any deficiency balance remaining following rejection, if applicable, is filed by such creditor.

| Creditor | Collateral Description | Reject | Assume |
|---|---|---|---|
| Southmall Apartments | residential lease - ASSUME | | ✓ |
| Aaron's Rent To Own | lease on furniture - REJECT | ✓ | |

14. **SPECIALLY CLASSIFIED UNSECURED CLAIMS**
    The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt | Amount of Debt to be Specially Classified | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

15. **UNSECURED CLAIMS**
    ✓ Percentage Plan: Allowed non-priority unsecured claims shall be paid through the distribution of the debtor's chapter 13 plan at a rate of **0.00**%

    If the selected plan's dividend to unsecured creditors is less than 100%, the debtor proposes to pay to the trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by 11 U.S.C. § 1325(b).

16. **OTHER PLAN PROVISIONS**
    (a) Lien Retention: Allowed secured claim holders shall retain liens until the liens are released or upon completion of all payments under this plan unless specified in paragraph 6.

    (b) Vesting of Property of the Estate
    ✓ Property of the estate shall revest in the debtor upon confirmation of the debtor's plan.

    All property of the estate, whether it remains in the estate or revests with the debtor upon confirmation of the plan, shall remain in the debtor's possession and control. Subject to the requirements of 11 U.S.C. §363, the debtor shall have use of property of the estate.

    (c) Direct Payments by Debtor: Secured creditors and lessors to be paid directly by the debtor may continue to mail to the debtor the customary monthly notices or coupons notwithstanding the automatic stay.

17. **NONSTANDARD PROVISIONS**

    ✓ None.
    Under Rule 3015(c), Federal Rules of Bankruptcy Procedure, nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in or deviates from this plan. Nonstandard provisions set out elsewhere in this plan are ineffective.

    The following plan provisions will be effective only if "Included" is selected in paragraph 1.1.3.

18. **SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY**

ALMB 3 (Rev 12/17)

If the debtor does not have an attorney, the debtor must sign below. If he or she does have an attorney, the debtor's signature is optional. The debtor's attorney, if any, must sign below.

**/s/ Evelyn James McCall**
**Evelyn James McCall**
Signature of Debtor 1

Signature of Co-Debtor

Executed on **January 19, 2023**

Executed on

**/s/ Stephen L. Klimjack**
**Stephen L. Klimjack**
Signature of Attorney for Debtor(s)

Date **January 19, 2023**

**By filing this document, the debtor and his or her attorney (if applicable) certify that the wording and order of the provisions in this chapter 13 plan are identical to those contained in ALMB Local Form 3, other than any nonstandard provisions included in paragraph 17.**

In re:  Case No. 23-30123-CLH

Evelyn James McCall  Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 1127-2  User: admin  Page 1 of 3

Date Rcvd: Jan 23, 2023  Form ID: pdf13pln  Total Noticed: 30

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 25, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Evelyn James McCall, 3032 Southmall Circle, Apt. E, Montgomery, AL 36116-5933 |
| 4791455 | + | Aaron's Rent To Own, 2415 Eastern Blvd., Montgomery, AL 36117-1505 |
| 4791457 | + | Alabama Department of Revenue, Office of the Attorney General, P.O. Box 300152, Montgomery, AL 36130-0152 |
| 4791474 | + | Republic Finance, LLC, CAPITOL CORPORATE SERVICES INC, 2 NORTH JACKSON STREET STE 605, Montgomery, AL 36104-3821 |
| 4791479 | + | Southmall Apartments, 3000 Southmall Circle, Montgomery, AL 36116-5901 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 4791458 | ^ | MEBN | Jan 23 2023 20:27:05 | Attorney General of the United States, Main Justice Building, 950 Pennsylvania Ave., Washington, DC 20530-0009 |
| 4791460 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Jan 23 2023 20:27:00 | CB/VICSCRT, PO Box 182789, Columbus, OH 43218-2789 |
| 4791461 | ^ | MEBN | Jan 23 2023 20:27:12 | CBE Group, P.O. Box 900, Waterloo, IA 50704-0900 |
| 4791459 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jan 23 2023 20:39:10 | Capital One, PO Box 30281, Salt Lake City, UT 84130-0281 |
| 4791462 | + | Email/Text: Stacey.VanAlst@usdoj.gov | Jan 23 2023 20:27:00 | Civil Process Clerk - Montgomery, United States Attorney's Office, P.O. Box 197, Montgomery, AL 36101-0197 |
| 4791463 | ^ | MEBN | Jan 23 2023 20:26:50 | Eastern Accos, 75 Glen Rd, Sandy Hook, CT 06482-1170 |
| 4791464 | + | Email/PDF: ais.fpc.ebn@aisinfo.com | Jan 23 2023 20:38:53 | First Premier, 3820 N. Louise Avenue, Sioux Falls, SD 57107-0145 |
| 4791465 | | Email/Text: collectclerks@myguardiancu.com | Jan 23 2023 20:27:00 | Guardian Credit Union, 1028 Lagoon Business Loop, Montgomery, AL 36109 |
| 4791466 | + | Email/Text: bankruptcyemails@hollowaycredit.com | Jan 23 2023 20:27:00 | Holloway Credit, P.O. Box 230609, Montgomery, AL 36123-0609 |
| 4791467 | + | Email/Text: HWIBankruptcy@hunterwarfield.com | Jan 23 2023 20:28:00 | Hwarfield, 4620 Woodland Corporate Blvd., Tampa, FL 33614-2415 |
| 4791468 | + | Email/Text: sbse.cio.bnc.mail@irs.gov | Jan 23 2023 20:27:00 | Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 4791469 | | Email/Text: sheri@masinc.org | Jan 23 2023 20:27:00 | Merchants Adjustment Service, P.O. Box 7511, Mobile, AL 36670 |
| 4791470 | + | Email/Text: bankruptcydpt@mcmcg.com | Jan 23 2023 20:28:00 | Midland Credit, 320 East Big Beaver, Troy, MI 48083-1271 |

| | | | | |
|---|---|---|---|---|
| 4791471 | + | Email/Text: ext_ebn_inbox@navyfederal.org | Jan 23 2023 20:28:00 | Navy Federal Credit Union, 820 Follin Lane, Vienna, VA 22180-4907 |
| 4791473 | | Email/Text: bankruptcy@republicfinance.com | Jan 23 2023 20:28:00 | Republic Finance, 2763 Eastern Blvd., Promenade Montgomery North, Montgomery, AL 36117 |
| 4791472 | | Email/Text: bankruptcy@republicfinance.com | Jan 23 2023 20:28:00 | Republic Finance, 282 Tower Road, Ponchatoula, LA 70454 |
| 4791456 | | Email/Text: bankruptcy@revenue.alabama.gov | Jan 23 2023 20:28:00 | Alabama Department of Revenue, Legal Divison, P.O. Box 320001, Montgomery, AL 36132 |
| 4791476 | + | Email/Text: enotifications@santanderconsumerusa.com | Jan 23 2023 20:28:00 | Santander, PO Box 560284, Dallas, TX 75356-0284 |
| 4791475 | + | Email/Text: enotifications@santanderconsumerusa.com | Jan 23 2023 20:28:00 | Santander, PO Box 961245, Fort Worth, TX 76161-0244 |
| 4791477 | ^ | MEBN | Jan 23 2023 20:28:02 | Santander Consumer USA Inc., c/o CT Corporation System, 2 North Jackson Street, Ste. 605, Montgomery, AL 36104-3821 |
| 4791478 | + | Email/Text: Bankruptcy.Noticing@Security-Finance.com | Jan 23 2023 20:27:00 | Security Finance, c/o Security Finance, P.O. Box 811, Spartanburg, SC 29304-0811 |
| 4791480 | + | Email/Text: bali@badcock.com | Jan 23 2023 20:27:00 | W.S. Badcock Corp., P.O. Box 724, Mulberry, FL 33860-0724 |
| 4791481 | ^ | MEBN | Jan 23 2023 20:27:51 | W.S. Badcock, Corporation, c/o C T Corporation System, 2 North Jackson St., Suite 605, Montgomery, AL 36104-3821 |
| 4791482 | + | Email/PDF: ais.wellsfargo.ebn@aisinfo.com | Jan 23 2023 20:38:52 | WF/Dillard, PO Box 14517, Des Moines, IA 50306-3517 |
| 4791483 | + | Email/Text: bk@worldacceptance.com | Jan 23 2023 20:28:38 | WFC, P.O. Box 6429, Greenville, SC 29606-6429 |

TOTAL: 25

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 25, 2023　　　　　　　　　　Signature:　　/s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 20, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Bankruptcy Administrator | ba@almb.uscourts.gov  danielle_greco@almba.uscourts.gov;britt_griggs@almba.uscourts.gov |

Stephen L. Klimjack    on behalf of Debtor Evelyn James McCall ecfonlymd@gmail.com pleadings@klimjack.com;r47290@notify.bestcase.com

TOTAL: 2